# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
HENRY MOY,

                        Plaintiff/Petitioner,

      - against -                                 Index No.: 29265/2020E

TARGET CORPORATION,

                        Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
### (Uniform Rule § 202.5-bb)

You have received this Notice because:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works:

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 8/24/20

MARC H. MINER
Name

ZALMAN SCHNURMAN & MINER
Firm Name

1430 Broadway, Suite 1802

New York, NY 10018
Address

(212) 668-0059
Phone

info@1800lawline.com
E-Mail

To: TARGET CORPORATION, c/o Secretary of State

2/24/20

Index #: 29265/2020E          Page 2 of 2          EFM-1

Index No. 29265/2020E
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

HENRY MOY,

        Plaintiff,

-against-

TARGET CORPORATION,

        Defendant.

---

### SUMMONS AND VERIFIED COMPLAINT

---

### ZALMAN SCHNURMAN & MINER P.C.
*Attorneys for Plaintiff*
**1430 Broadway, Suite 1802**
**New York, New York 10018**
**(212) 668-0059**

---

TO: TARGET CORPORATION, c/o Secretary of State

Index No. 29265/2020E
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

HENRY MOY,

                Plaintiff,

-against-

TARGET CORPORATION,

                Defendant.

## NOTICE OF ELECTRONIC FILING

**ZALMAN SCHNURMAN & MINER P.C.**
*Attorneys for Plaintiff*
1430 Broadway, Suite 1802
New York, New York 10018
(212) 668-0059

TO: TARGET CORPORATION, c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
HENRY MOY,

                Plaintiff,

    -against-

TARGET CORPORATION,

                Defendant.

---------------------------------------------------------------X

Index No.: 29265/2020E
Date Purchased: 8/24/20

**SUMMONS**

Plaintiff designates
BRONX COUNTY
as the place of trial.

The basis of venue is
Place of Occurrence.

**To the above named Defendant:**

    **You are hereby summoned** to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorneys within twenty days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
         August 24, 2020

Yours, etc.

By: Marc H. Miner, Esq.
ZALMAN SCHNURMAN & MINER P.C.
Attorneys for Plaintiff
HENRY MOY
1430 Broadway, Suite 1802
New York, New York 10018
(212) 668-0059
Our File No.: 2249-S/F-2020

TO: TARGET CORPORATION, c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
HENRY MOY,

                Plaintiff,

    -against-

TARGET CORPORATION,

                Defendant.
-----------------------------------------------------------------X

Index No.: 29265/2020E
Date Purchased: 8/24/20

**VERIFIED COMPLAINT**

        Plaintiff, by his attorneys, **ZALMAN SCHNURMAN & MINER P.C.**, complaining of the Defendant, respectfully alleges, upon information and belief as follows:

        1.    That at the time of the commencement of this action, Plaintiff, **HENRY MOY** (hereinafter "Plaintiff"), resided in the County of the Bronx and State of New York.

        2.    That the cause of action alleged herein arose in the County of the Bronx, State of New York.

        3.    That upon information and belief, this action falls within one or more of the exceptions set forth in CPLR § 1602.

        4.    Upon information and belief, and at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, was and still is, a foreign business corporation authorized to conduct business in the State of New York.

        5.    That upon information and belief, on March 12, 2020, and at all times hereinafter mentioned, a premises existed in the County of the Bronx, and State of New York, with an address 700 Exterior Street, Bronx, New York (hereinafter "the premises").

        6.    That upon information and belief, and at all times hereinafter mentioned, the premises was owned by the Defendant, TARGET CORPORATION.

7. That upon information and belief, and at all times hereinafter mentioned, the premises were operated by the Defendant, TARGET CORPORATION.

8. That upon information and belief, and at all times hereinafter mentioned, the premises were maintained by the Defendant, TARGET CORPORATION.

9. That upon information and belief, and at all times hereinafter mentioned, the premises were cleaned by the Defendant, TARGET CORPORATION.

10. That upon information and belief, and at all times hereinafter mentioned, the premises were managed by the Defendant, TARGET CORPORATION.

11. That upon information and belief, and at all times hereinafter mentioned, the Defendant, TARGET CORPORATION, had a duty to maintain the premises in a reasonably safe condition.

12. That on March 12, 2020, Plaintiff was a lawful pedestrian on the subject premises.

13. That upon information and belief, while Plaintiff was lawfully walking at the aforesaid location, he was caused to slip and/or trip and fall and sustain injuries.

14. The above mentioned occurrence and the results thereof were caused by the joint, several and concurrent negligence of the Defendant and/or said Defendant's servants, agents, employees and/or licenses in the operation, management, maintenance and control of the aforesaid premises, in causing, allowing and permitting said premises at the place above mentioned, to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the aforesaid premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said location; in failing to provide Plaintiff with safe and proper ingress and egress

on the premises; in causing, allowing and permitting the existence of a foreign object to interfere with and prevent Plaintiff's safe passage; in allowing a slippery condition to exist on said premises; in allowing liquid to exist on the floor; in allowing spilled food on the floor; in allowing broken jar(s) on the floor; in creating a dangerous condition; in failing to warn; in failing to inspect and maintain said premises; in failing to clean the floor; in failing to properly clean the floor; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give Plaintiff adequate and timely signal, notice or warning of said condition(s); in having inadequate lighting; in failing to provide safe lighting; in creating dangerous shadows; in that the Plaintiff's path was directed towards a dangerous condition; in negligently and carelessly causing and permitting the above said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the Plaintiff and others; in failing to take unsuitable and improper precautions for the safety of persons on and using said premises; in the conditions which existed at the time and place of the incident created optical confusion to pedestrians; that the conditions violated good building and/or architectural design standards; and in being otherwise negligent and careless; upon information and belief, the conduct of the Defendant was willfully, wantonly, deliberately and grossly negligent, to such a degree and of such a nature as to amount to a conscious and reckless disregard of, or depraved indifference to, the rights and safety of Plaintiff in his person and property.

15. That upon information and belief, Defendant had actual and/or constructive notice of this defective condition, and for a sufficient period of time prior thereto, to remedy same.

16. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

17. That as a result of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent, and; as a result of said injuries, Plaintiff has been caused to incur and will continue to incur expenses for medical care and attention, and; as a further result, Plaintiff was and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

18. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in a sum that exceeds the jurisdiction of all lower courts, with interest, together with the costs and disbursements of this action.

Dated: New York, New York
       August 24, 2020

Yours, etc.,

By: Marc H. Miner, Esq.
ZALMAN SCHNURMAN & MINER P.C.
Attorneys for Plaintiff
HENRY MOY
1430 Broadway, Suite 1802
New York, New York 10018
(212) 668-0059
Our File No.: 2249-S/F-2020

## VERIFICATION

MARC H. MINER, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at ZALMAN SCHNURMAN & MINER P.C., attorneys of record for Plaintiff, HENRY MOY. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

I make the foregoing Affirmation because Plaintiff is not presently in the county wherein I maintain my offices.

Dated: New York, New York
August 24, 2020

MARC H. MINER

hington Avenue
NY 12231-0001

10/09

USPS CERTIFIED MAIL

9214 8969 0059 7932 6567 63

2020922O112
TARGET CORPORATION
1000 NICOLLET MALL
MINNEAPOLIS MN 55403